# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher Christian

## DEFENDANTS
Lehigh University

**(b)** County of Residence of First Listed Plaintiff: Northampton County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Northampton County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert J. Haurin
Nachmias Morris & Alt
20 Ash Street, Suite 200
Conshohocken, PA 19428
610-629-6640

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C 621 et seq

Brief description of cause:
Plaintiff alleges that his employment with Lehigh University was terminated on account of his age, 59.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 08/26/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1561 Riegel Street, Hellertown, PA 18055

Address of Defendant: 428 Broadhead Avenue, Bethlehem, PA 18015

Place of Accident, Incident or Transaction: 428 Broadhead Avenue, Bethlehem, PA 18015
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Robert J. Haurin, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/26/2015   _____ Attorney-at-Law   65947 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/26/2015   _____ Attorney-at-Law   65947 Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1561 Riegel Street, Hellertown, PA  18055

Address of Defendant: 428 Broadhead Avenue, Bethlehem, PA  18015

Place of Accident, Incident or Transaction: 428 Broadhead Avenue, Bethlehem, PA  18015
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Robert J. Haurin, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 8/26/2015        _____        65947
                            Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/26/2015        _____        65947
                            Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher Christian | : | CIVIL ACTION |
| v. | : | |
| Lehigh University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  [✓]

| | | |
|---|---|---|
| 8/26/2015 | Robert J. Haurin | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-629-6640 | 856-733-6614 | rhaurin@nmapc.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER CHRISTIAN, <br> 1561 Riegel Street <br> Hellertown, PA, 18055 <br><br>     PLAINTFF, <br><br> v. <br><br> LEHIGH UNIVERSITY, <br> 428 Broadhead Avenue <br> Bethlehem, PA 18015, <br>     DEFENDANT. | CIVIL ACTION NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, complains about Defendant as follows:

1. This action arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et. seq.

2. Plaintiff is Christopher Christian ("Plaintiff"). Plaintiff is an adult individual residing at the address listed in the caption. Plaintiff was born on August 2, 1954. At the time of his unlawful termination, Plaintiff was 59 years of age.

3. Defendant, Lehigh University ("Lehigh") is a private university operating in accordance with the laws of the Commonwealth of Pennsylvania. Lehigh's principal place of business is listed in the caption.

4. Lehigh is an employer as that term is defined by the ADEA and PHRA.

5.  The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this matter involves a federal question and under the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 with regard to Plaintiff's state law claim.

6.  Venue is appropriate in this District as the Defendant resides in this District and the acts about which Plaintiff complains occurred in this District.

7.  All conditions precedent to this lawsuit have been fulfilled. Plaintiff timely file charges of discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission on or about August 1, 2014.

8.  Plaintiff has exhausted all of his administrative remedies prior to bringing this action.

9.  At all times relevant to the Complaint, Lehigh acted by and through its agents, servants, and employees, each of whom acted within the scope of their employment with Lehigh.

10. Plaintiff commenced employment with Lehigh in 1976 as Manager of Transportation. Thereafter, Plaintiff was promoted to Director of Transportation, Transit and Parking Services for Lehigh. In this latter capacity, Plaintiff was responsible for, among other things, student parking, bus services, the rental pool, fleet maintenance and fueling of Lehigh's fleet, related risk management services, operation of all parking lots, facilities, parking and vehicle registration, enforcement and event parking.

11. During Plaintiff's entire 37 year career at Lehigh, he performed his job duties in exemplary fashion and routinely received excellent job performance evaluations from his supervisors. Plaintiff also received annual pay raises and awards during his tenure with Lehigh. Most recently, in 2013, Plaintiff received a $500.00 award from Lehigh for his outstanding efforts during a power outage at Lehigh.

12. In or about 2005, Lehigh hired Mark Ironside as the Executive Director of Business Services. In this capacity, Mr. Ironside was Plaintiff's direct supervisor. Mr. Ironside, in turn, reported to Margaret Plympton, Vice President of Finance and Administration.

13. Mr. Ironside is substantially younger than Plaintiff and had virtually no experience in transportation, transit and parking services in a university setting at the time of his hire.

14. At all times relevant to this Complaint, Mr. Ironside was aware of Plaintiff's age and routinely questioned Plaintiff about his future plans regarding his employment with Lehigh.

15. Following his appointment as Executive Director of Business Services, Mr. Ironside initiated a campaign to terminate older workers at Lehigh that were in his chain of command.

16. In furtherance of his campaign, Mr. Ironside undertook to discredit Plaintiff for the purpose of terminating his employment by, among other things, reprimanding Plaintiff for interactions with other constituents of Lehigh without first conducting any investigation into whether Plaintiff had committed any act for which a reprimand was warranted.

17. Mr. Ironside also continuously urged Plaintiff to convince an older worker who was employed by Lehigh as a mechanic to retire his position at Lehigh. The mechanic had over thirty (30) years of service with Lehigh and was an outstanding employee.

18. Mr. Ironside also made unwelcome comments to Plaintiff about his age during the period that Plaintiff reported to Mr. Ironside. For example, Mr. Ironside questioned Plaintiff several times about his plans for the future and whether he intended to remain employed by Lehigh or retire. These unwelcome comments occurred during meetings to discuss Plaintiff's performance evaluations in 2012 and 2013 and at other times.

19. Each time Plaintiff was questioned by Mr. Ironside about his future plans and whether he intended to retire, he advised Mr. Ironside that he intended to remain employed by Lehigh until he reached the age of 67 due to his financial situation.

20. Despite the fact that Plaintiff had previously advised Mr. Ironside on at least two (2) occasions that he intended to continue to work at Lehigh until age 67, Mr. Ironside asked Plaintiff whether he intended to remain employed or retire in January 2014. This statement was likewise made in connection with a meeting to discuss Plaintiff's job performance for 2013. Significantly, at no time during this meeting or the 2 prior meetings in 2012 and 2013 did Mr. Ironside comment negatively on the manner in which Plaintiff interacted with students, faculty, employees or other third parties.

21. In addition to making inquiries about Plaintiff's retirement plans, Mr. Ironside also made comments to Plaintiff and other subordinates that they were no longer doing things the "old way"; rather, his organization was going to do things his way.

22. Plaintiff's last 2 written performance evaluations for 2011 and 2012 that were completed by Mr. Ironside likewise contained no negative comments about the manner in which Plaintiff interacted with students, faculty, employees or other third parties. Instead, these performance evaluations were very complimentary of the way in which Plaintiff continued to perform his job at Lehigh.

23. Mr. Ironside did not complete a written performance evaluation for Plaintiff for 2013. It is believed and therefore averred that Mr. Ironside did not complete a written performance evaluation for Plaintiff in 2013 because he had already decided to terminate Plaintiff's employment because of his age.

24. On April 17, 2014, Mr. Ironside summarily terminated Plaintiff's employment without notice or warning. The reason given by Mr. Ironside for Plaintiff's termination was that "[w]e have lost confidence in your ability to meet the requirements of your position."

25. Following Plaintiff's unlawful termination, his job duties were assigned to individuals who were substantially younger than Plaintiff, were far less qualified than Plaintiff and had far less experience working in Parking and Transportation Services.

26. It is believed and therefore averred that the individuals who assumed Plaintiff's job responsibilities also had significantly less job experience in a university setting than Plaintiff.

27. Mr. Ironside terminated Plaintiff's employment because of his age, and the vague reason given by him for terminating Plaintiff was mere pretext to disguise his discriminatory animus towards older workers, in general, and Plaintiff, in particular.

28. On information and belief, Lehigh terminated the employment of another older worker in its Finance and Administrative division in or about November 2012.

29. It is believed and therefore averred that the older worker who was terminated in November 2012, was also advised that the reason for the termination was because Lehigh had lost confidence in her ability to do her job.

30. Plaintiff believes and therefore avers that this older worker was terminated because of her age.

## COUNT I – ADEA

31. The allegations set forth in paragraphs 1 to 30 are incorporated by reference as if fully restated herein.

32. Plaintiff is in the class of persons protected from discrimination by the ADEA because he was 59 years old when he was terminated.

5

33. Lehigh terminated Plaintiff on account of his age in violation of the ADEA.

34. Plaintiff has been damaged by Lehigh's unlawful conduct.

WHEREFORE, Plaintiff demands judgment in his favor and against Lehigh on Count I of his Complaint and that he be awarded back pay, front pay, liquidated damages, interest, costs and attorney fees and all other relief provided by the ADEA and that the Court deems just and appropriate.

### COUNT II – PHRA

35. The allegations set forth in paragraphs 1 to 34 are incorporated by reference as if fully restated herein.

36. Plaintiff is in the class of persons protected from discrimination by the PHRA in that he was 59 years old when he was terminated.

37. Lehigh terminated Plaintiff because of his age in violation of the PHRA.

38. Plaintiff has been damaged by Lehigh's unlawful conduct.

WHEREFORE, Plaintiff demands judgment in his favor and against Lehigh on Count II of his Complaint and that he be awarded back pay, front pay, compensatory damages, interest, costs and attorney fees and all other relief provided by the PHRA and that the Court deems just and appropriate.

Respectfully submitted,

NACHMIAS MORRIS & ALT, P.C.

Dated: August 26, 2015

By: _____
ROBERT J. HAURIN, ESQUIRE
Attorney ID No. 65947
20 Ash Street, Suite 200
Conshohocken, PA 19428
Attorney for Plaintiff